**MARTHA PHILLIPE, Plaintiff**

v.

**MICHAEL DUDOVICK, Defendant**

Civil No. 1378-1971

Municipal Court of the Virgin Islands

Div. of St. Thomas and St. John

August 8, 1972

JOHN W. NEWMAN, ESQ., St. Thomas, V.I., *for the plaintiff*

ETHEL CARR HUNTER, ESQ., St. Thomas, V.I., *for the defendant*

HOFFMAN, *Judge*

### MEMORANDUM OPINION AND JUDGMENT

This matter arose out of the partial construction by the defendant of a retaining wall at the request of the plaintiff on plaintiff's premises at Scott Free Estates. It appears that the defendant submitted the following proposal dated December 2, 1970 for plaintiff's consideration in this matter:

"I propose to build a retaining wall located at Scott Free Estates for Mrs. Martha Phillipa (sic). The wall shall be approximately 100' long starting at the level of 2' and gradually building up to 20' high. Construction shall be out of concrete and steel. The thickness of the wall shall start at 2' at the base and will taper to 1' at the top of the wall. Included with this wall is a driveway 10' wide by approximately 50' long. All materials will be furnished by me. Price for the complete project is $5,500.00. Hoping you favor me in this proposal."

The signature of the defendant appeared below this offer.

From the testimony of both parties it is clear that they contemplated the construction of a wall approximately 100 feet long and one which was to rise from two feet at one end to 20 feet at the other. It is further evident that a price of $5,500.00 was agreed upon and that plaintiff has already advanced the amount of $3,300.00 to defendant who in turn has completed the greater part of the construction. Beyond these established facts, however, the Court finds that the plaintiff has failed to establish the existence of a contract on the terms which she contends were agreed to by the parties. The defendant denied plaintiff's acceptance of his December 2nd proposal and testified that due to her disapproval he attempted to gain her assent to another offer. The Court finds as a matter of fact that the plaintiff

has not established her valid acceptance of defendant's proposal.

█ In the Court's opinion the parties each acted as if a precise contract existed, but contemplated only those terms which were favorable to them. In this reliance the plaintiff tendered $3,300.00 as an advance to the defendant and the latter commenced construction. In June of 1971, however, the plaintiff became dissatisfied with the work as it was proceeding and refused to advance further funds to the defendant. As a result the defendant stopped work on the project. The plaintiff's action here is one for specific performance and damages. The plaintiff argues that the defendant breached their contract by construction contrary to the specifications contained in the December 2nd proposal. Specifically, the plaintiff objects to the defendant's performance in two respects. The plaintiff states that the wall is too thin, that is, not constructed in accordance with the thickness specified in the proposal. The plaintiff further contends that the defendant refused to use "concrete and steel" as specified in the proposal, but instead constructed the wall with concrete blocks and steel. In light of the Court's finding above, however, that the plaintiff did not accept the defendant's written proposal, there is little need for discussion of these contentions or of the testimony of the experts called by the parties. It may be noted in passing, however, that the Court is not convinced that plaintiff's proof of acceptance of the proposal would advance her prayer for relief. Restatement, Contracts, § 71(a) is in point:

If the manifestations of intention of either party are uncertain or ambiguous, and he has no reason to know that they may bear a different meaning to the other party from that which he himself attaches to them, his manifestations are operative in the formation of a contract *only in the event that the other party attaches to them the same meaning*. (Emphasis supplied.)

115

Restatement, Contracts, § 19(b) and § 501 are also relevant in this connection. In light of: (a) the ambiguous nature of the December 2nd proposal as evidenced by the testimony of the experts called; (b) the inconsistency latent in a proposal which called for "concrete and steel", but provided for a price which could only be sufficient for concrete blocks and steel; and (c) the defendant's inability to appreciate that his proposal would be susceptible to various interpretations, the plaintiff's acceptance on terms other than those contemplated by the defendant would not operate to create a binding contract.

■ It is apparent then that each party proceeded on the mistaken assumption that a contract existed and that the defendant performed as authorized until plaintiff objected to his performance and refused to make further advances. Under this set of facts the plaintiff is certainly not entitled to a return of the purchase price advanced or restitution (see: Restatement, Contracts, § 347) or to any damages stemming from an alleged delay. Specific performance as prayed for must of course be denied. Restatement, Contracts, §§ 358, 370. The plaintiff may, however, recover the difference between the amount advanced, $3,300.00, and the value of the benefits plaintiff received from the defendant, if such value is less than that of the advance. The defendant may retain that portion of the advance which constitutes the reasonable value of his performance. "The generally recognized doctrine is that although there was no contract, because the minds of the parties did not meet as to some of the essential terms thereof, a party thereto who furnishes materials and renders services to the other party, relying on the terms as he understood them and thinking there was an express contract, is entitled to recover what the labor furnished was reasonably worth." 58 Am. Jur., Work & Labor, § 36 and citations therein at

n.s 17, 18. "The law recognizes that services not gratuitous, and neither mala in se or mala prohibita, rendered under an agreement that is invalid or unenforceable, furnish a basis for an implied or constructive contract to pay for their reasonable value." 58 Am. Jur., Work & Labor, § 35 and Winton v. Amos, 255 U.S. 373, 65 L.Ed. 684, cited therein.

In this matter the plaintiff advanced to defendant $3,300.00 during the period between April 16, 1971 and June 29, 1971. With this money the defendant began construction of the wall. The Court finds that the defendant had completed 75–80% of the work before the plaintiff refused to make further advances. The plaintiff's own expert witness, Wells, a civil engineer and architect, testified that the value of the labor and materials of the completed wall would equal four to five thousand dollars. The Court is not swayed by the suggestion that the wall is of no value as a retaining wall and finds that the reasonable value of the defendant's services amounts to $3,300.00. Accordingly, the plaintiff is not entitled to any return of the price or to damages. It is therefore ORDERED, in light of the above which shall constitute the Court's findings of fact and conclusions of law,

That the Defendant is entitled to Judgment against the Plaintiff dismissing the complaint. The parties will each bear their own costs and attorneys fees.